**CASE NO. _____**

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS—LUBBOCK DIVISION

SAVAGE TAVERN, INC.
*PLAINTIFF*

V.

SIGNATURE STAG, LLC
*DEFENDANT*

**PLAINTIFF'S ORIGINAL COMPLAINT**

CRAIG, TERRILL, HALE & GRANTHAM, LLP
9816 SLIDE ROAD, SUITE 201
FIRST BANK CENTRE
LUBBOCK, TX 79424

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SAVAGE TAVERN, INC. | § | |
|     PLAINTIFF | § | |
| | § | |
| | § | |
| V. | § | CASE NO. _____ |
| | § | |
| | § | |
| | § | |
| SIGNATURE STAG, LLC | § | |
|     DEFENDANT | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

**COMES NOW, Savage Tavern, Inc.** (hereinafter "Plaintiff") by and through its respective counsel of record, and files this Original Complaint as against **Signature Stag, LLC** (hereinafter "Defendant"). In support of this Complaint Plaintiff would proffer and show this Honorable Court as follows:

### I.    STATEMENT ON JURISDICTION

1. This suit involves violations by Defendant under the LANHAM ACT, the TEXAS TRADEMARK ACT, the TEX. BUS. COMM. CODE, and the common law of the State of Texas. Therefore, this Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1391 *et seq.* As provided by 28 U.S.C. § 1391(c), Plaintiff is a for-profit corporation that is deemed to reside within this District.

2. Venue is further made proper under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this claim likewise occurred within this District; and, Defendant is a domestic limited-liability company which is deemed to reside within this District.

## II.     PARTIES TO THIS SUIT

3.  Plaintiff is a for-profit corporation, incorporated and currently in legal use within the State of Texas, with a principal place of business and headquarters located at 1625 University Ave., Lubbock, TX 79401.  Plaintiff may be served with process through its attorney of record B. Blaze Taylor, Esq., located at First Bank Centre, 9816 Slide Road, Suite 201, Lubbock, TX 79424.

4.  Defendant is a domestic limited-liability company currently in legal use within the State of Texas, and maintains a principal place of business in Lubbock, TX at the address of 7320 Milwaukee Avenue, #700, Lubbock, TX 79424; and, a principal place of business and headquarters in Midland, TX at the address of 4400 N. Midland Drive, Suite 530, Midland, TX 79707.  Defendant may be served with process through its registered agent, to wit, Natalie Pevehouse, located at 4400 N. Midland Drive, Suite 530, Midland, TX 79707; or alternatively at the address of 1104 N. 14th St., Wolfforth, TX 79382; or, wherever Natalie Pevehouse may be found.

## III.     STATEMENT OF PERTINENT FACTS

5.  Mr. Brandon Fuller, agent of authority for Plaintiff, incorporates by reference the foregoing, and any exhibits or statements related hereto.

6.  On January 29, 2020 Plaintiff filed its application for federal trademark with the United States Patent and Trademark Office (hereinafter "USPTO"), and the same was published for opposition on June 16, 2020.

7. Plaintiff's trademark (hereinafter "Mark") was registered within the principal register on September 1, 2020, under the US Serial Number 88777542, with a Registration Number of 61404413.[1]

8. Plaintiff consistently used, and continues to consistently use, its Mark in intrastate commerce, and has done so continually since at least 2017.

9. And, Plaintiff's various uses of its registered Mark consist of particular trade dress, distinctive logos, signs and advertisements, online and physical marketing, and on the products, in connection with Plaintiff's goods and services.

10. Currently, Plaintiff is using the Mark in conjunction with, and concurrent to, its standard and day-to-day commercial branding and business operations as of the date of this filing; and, Plaintiff plans to and will continue to use the Mark as such.

11. Plaintiff has not, at any time or for any reason, authorized nor adopted the signing of a Consent to Use of Trademark which would allow another person or entity to legally use the same Mark.

12. As a result of Plaintiff's continuous use of its registered Mark, such Mark and Plaintiff have acquired a favorable reputation amongst consumers as an identifier and symbol of Plaintiff and its goods and services, and moreover Plaintiff's goodwill; and, accordingly Plaintiff's Mark is strong and entitled to just and broad protections under both Federal and Texas laws.

13. Plaintiff likewise continues to invest substantial monetary sums in promoting its products and services under the described and aforementioned Mark.

---

[1] *See* Plaintiff's attached Exhibit 1.

14. Defendant is a producer and seller of clothing, branded and marketed by Defendant as "Fine Menswear."

15. As part of its several lines of different types of clothing and apparel, under the house name of Signature Stag, among other brands, Defendant markets and sells merchandise bearing Plaintiff's Mark for a premium price.

16. And, in regard to Defendant's use of Plaintiff's Mark, on good faith and belief the earliest known infringement by Defendant occurred, or began to occur, in 2019.

17. On or about the last quarter of 2020, Defendant's owner of record, to wit, Natalie Pevehouse (hereinafter "Natalie"), as well as Natalie's husband, to wit, Billy Jevon Huey (hereinafter "BJ"), physically entered onto Plaintiff's business property.

18. During this visit by Natalie and BJ, Plaintiff's agent of authority and manager, to wit, Brandon Fuller (hereinafter "Brandon"), began to engage in oral conversation with Natalie and BJ.

19. During such conversation Brandon, noticing his Mark emblazoned upon BJ's baseball cap, informed BJ and Natalie that they were infringing upon Plaintiff's Mark, as the emblem upon BJ's baseball cap was the exact Mark which is registered to Plaintiff upon the federal principal register as aforementioned.

20. In retort, BJ made comments to the effect of "Ya, we know—you should come by and buy some of our merchandise", and such retort was clearly made tongue-in-cheek as an apparent attempt by BJ to be both witty and condescending to Brandon.

21. Thereafter, on or about the end of December 2020, Plaintiff retained B. Blaze Taylor, Esq. to represent it in an attempt to amicably resolve Defendant's fraudulent and infringing use of Plaintiff's Mark.

22. Plaintiff's counsel then sent a demand letter[2] fully outlining the situation, and the repercussions, of Defendant's illegal infringement of Plaintiff's Mark, along with an attached copy of Plaintiff's Certificate of Registration; and such notice complies with the requirements as prescribed within 15 U.S.C. § 1111.

23. Defendant never responded to Plaintiff's requests as detailed within the demand letter; and, in fact, Defendant never responded at all.

24. Considering the growing brand and high-volume of sales, in addition to a large social media marketing presence and premium prices, Defendant has on good faith and belief acquired substantial monetary sums by illegally and knowingly infringing upon Plaintiff's Mark within in the Lubbock and surrounding areas.

25. In fact, Defendant likewise maintains a physical store located in Midland, TX, as well as an online boutique option to purchase their line of products from any location in the United States.

26. Thus, on good faith and belief Defendant has been able to acquire a large market within the State of Texas, and has likewise made sells of goods across state lines, to wit, interstate commerce, marketing, and profiteering directly from and upon the infringement of Plaintiff's Mark.

27. Defendant likewise continues to use the exact Mark registered to Plaintiff, which has caused market confusion, as well as the continual devaluing of such Mark and Plaintiff's goodwill.

---

[2] *See* Plaintiff's attached Exhibit 2.

28. As a result of failed attempts to amicably resolve this issue with Defendant, Plaintiff was thus forced to file this Complaint and seek legal and equitable remedy with this Honorable Court.

## IV.    CLAIMS FOR RELIEF

29. Plaintiff incorporates by reference all of the allegations, statements, and references as above set forth.

**1) <u>First Claim – Trademark Infringement Pursuant to 15 U.S.C. § 1114(1)(a).</u>**

**A. Infringing Acts of Defendants**.

   **a.** As aforementioned, Plaintiff by and through its federally registered trademark has the exclusive right to use such Mark in connection with its commercial operations.

   **b.** Plaintiff provided actual and constructive notice of Defendant's infringement directly to Defendant on multiple occasions in order to amicably resolve the issue at bar.

   **c.** Agents of Defendant mocked Plaintiff in retort, and have knowingly continued to illegally sell and market such protected trademark materials.

   **d.** Defendant has been using, and continues to use, Plaintiff's federally-registered Mark in conjunction with a large portion of Defendant's sales, merchandise, branding, and marketing—all of which contains and focuses upon Plaintiff's Mark.[3]

---

[3] *See* Plaintiff's attached Exhibit 3.

**B. Likelihood of Confusion.**

    **a.** Defendant's use of the Mark in commerce is likely to deceive or cause confusion or mistake as to the source or origin of Plaintiff's goods and services.

    **b.** Furthermore, Defendant's acts as above set forth have indeed led to and caused actual market confusion as such pertains to customers and prospective customers of Plaintiff.

    **c.** As a result, Plaintiff has been damaged as a direct result of Defendant's knowing trademark infringement as herein described.

    **d.** Thus, Defendant's illegal acts as aforementioned constitute federal trademark/service-mark infringement under the LANHAM ACT[4], as well as infringement under the TEXAS TRADEMARK ACT[5].

**2) <u>Second Claim – Trademark Infringement & Unfair Competition Pursuant to 15 U.S.C. § 1125 *et seq.*</u>**

    **A.** Plaintiff's substantial and longstanding investment in advertising, promotion, distribution, and sales has confirmed its branding as distinctive in the relevant geographic markets as to the goods and services referenced by such operations.

    **B.** As a result, and in addition to applicable statutory federal and state laws, Plaintiff enjoys strong common law trademark rights and protections in all places whereby and wherein Plaintiff's Mark on

---

[4] 15 U.S.C. §§ 1114 – 1115.
[5] TEX. BUS. COMM. CODE § 16.102.

branding, marketing, or sales has been observed or purchased within the stream of commerce throughout the State of Texas and abroad.

**C.** Given Defendant's actual and constructive prior notice of its illegal trademark infringement upon Plaintiff, a reasonable party would immediately cease the tortious acts involved therein—yet, Defendant has done the complete opposite, even appearing to have ramped up its branding, marketing, and sales of goods tortuously bearing Plaintiff's protected and federally-registered Mark.

**D.** And, Defendant's knowing and illegal infringement upon Plaintiff's such Mark has been within the same geographic regions and areas as those in which Plaintiff's rights and protections clearly exceed and bar those of Defendant's.

**E.** As a result, Plaintiff has suffered actual damages resulting from Defendant's willful infringement of Plaintiff's trademark rights, comprising lost sales, damage to Plaintiff's goodwill and reputation, diminution of Plaintiff's advertising investments, dilution of the Mark, loss of profitability stemming from confusion within the stream of commerce, confused customers, and confused potential customers.

**F.** Therefore, Plaintiff is entitled to Defendant's profits, corrective advertising, and injunction, an enhancement of treble damages, its reasonable and necessary attorney's fees and costs, the immediate destruction of all products or marketing materials bearing the

infringed-upon Mark[6], as well as for additional remedy by virtue of Defendant's willful, knowing, and intentional such infringement.

## V.    PRAYER & REQUEST FOR RELIEF

30. Plaintiff incorporates by reference all of the foregoing.

31. Plaintiff, in accordance with the foregoing, prays to this Honorable Court to grant Plaintiff the following remedies for damages incurred by Defendant's tortious acts as herein described;

1) Entitlement to all of Defendant's profits which have been earned by selling, advertising, marketing, branding, or otherwise tortiously and knowingly infringing upon Plaintiff's Mark;

2) Punitive Damages;

3) Statutory Interest;

4) Pre- and Post-Judgment Interest;

5) This Court's order that Defendant shall immediately produce and cause to be destroyed all goods, marketing materials, advertising materials, social media platforms, products, and affixed references which depict, show, or bear Plaintiff's Mark in any way, medium, or form;

6) This Court's order that Defendant immediately correct all of its advertising to no longer show, depict, or reference Plaintiff's Mark in any way, form, or medium;

7) That Defendant be ordered to pay any and all of Plaintiff's reasonable and necessary attorney's fees and costs;

---

[6] 15 U.S.C. § 1118.

8) A statutory enhancement as prescribed by foregoing federal law under the Lanham Act, of any and all monetary damages awarded by this Court to Plaintiff, as a result of Defendant's knowing and willful infringement of Plaintiff's Mark; *and*

9) Such other relief and remedy as this Honorable Court shall adjudge as proper.

10) Plaintiff humbly requests a Trial by Jury as to all matters raised herein.

Respectfully submitted by,

CRAIG, TERRILL, HALE & GRANTHAM, LLP
First Bank Centre
9816 Slide Rd., Suite 201
Lubbock, TX 79424
P: 806.744.3232
F: 806.686.1225
*Attorneys for Plaintiff*

*B. Blaze Taylor, Esq.*
B. Blaze Taylor
SBN: 24106495
btaylor@cthglawfirm.com

# United States of America

## United States Patent and Trademark Office



**Reg. No. 6,140,413**

**Registered Sep. 01, 2020**

**Int. Cl.: 43**

**Service Mark**

**Principal Register**

Savage Tavern llc  (TEXAS LIMITED LIABILITY COMPANY)
13 East Lakeshore Drive
Ransom Canyon, TEXAS 79366

CLASS 43: Hotel, restaurant and bar services

FIRST USE 7-29-2017; IN COMMERCE 7-31-2017

The color(s) black and red is/are claimed as a feature of the mark.

The mark consists of two crossed revolvers outlined in black with one red star on each handle. The color white is not claimed as a feature of the mark but merely represents background.

SER. NO. 88-777,542, FILED 01-29-2020



*Andrei Iancu*

Director of the United States
Patent and Trademark Office



**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# THE MOSTER LAW FIRM, P.C.

**THE BUSINESS OF CONNECTIONS®≥ RATED AV PREEMINENT***

| MIDLAND & ODESSA | AMARILLO | LUBBOCK | ABILENE | CENTRALTEXAS |
|---|---|---|---|---|
| ClayDesta Center | Downtown Tower | Central Park Complex | Corporate Place Office Complex | 407 W. University |
| 6 Desta Drive | 600 S. Taylor | 4920 S. Loop 289 | 3301 N. 3rd Street | Avenue |
| Suite 4600 | Suite 32 | Suite 101 | Suite 401 | Suite 130 |
| Midland, TX 79705 | Amarillo, TX 79101 | Lubbock, TX 79414 | Abilene, TX 79603 | Georgetown, TX 78626 |
| 432.203.6961 | 806.350.5256 | 806.778.6486 | 325.899.3313 | 512.887.4708 |
| Fax: 866.302.7046 | Fax: 866.302.7046 | Fax: 866.302.7046 | Fax: 866.302.7046 | Fax: 866.302.7046 |

**January 1, 2021**

Signature Stag, LLC
Natalie N Huey Pevehouse, as President/Director/Registered Agent of
Signature Stag, LLC
4400 N. Midland Dr., Suite 530, Midland, TX 79707 USA

**re: TRADEMARK/SERVICE MARK INFRINGEMENT**

Mrs. Huey Pevehouse,

My name is Blaze Taylor, and I am chief commercial litigation counsel practicing with the Moster Law Firm, P.C. throughout the State of Texas. Our firm has been retained to represent the interests of Mr. Brandon Fuller and his business, Savage Tavern, of Lubbock, TX.

It has come to our attention that Mr. BJ Huey, whom we understand is your husband and business associate, was recently informed by Mr. Fuller that Signature Stag, LLC (hereinafter "Signature Stag") was in blatant violation of both the Federal and State intellectual property rights of Mr. Fuller and Savage Tavern, LLC (hereinafter "Savage Tavern"). As we have been advised, Savage Tavern became aware of this infringement on or about March 2020, whereby Mr. Fuller personally informed Mr. Huey that such infringement was taking place, and was neither authorized nor appreciated by Mr. Fuller. And, as was further relayed to us Mr. Huey blatantly admitted that Signature Stag was aware of the infringement and was directly profiting from it, in addition to informing Mr. Fuller that Signature Stag had no intention of ceasing these illegal acts.

*Rated **AV Preeminent** (by Martindale-Hubbell) is a significant rating accomplishment and testament to the fact that a lawyer's peers and judiciary rank him or her at the highest level of professional excellence.

The Moster Law Firm, P.C.

Therefore, you should take heed to this letter, and understand that you are hereby put on actual notice that Signature Stag has clearly violated both the Lanham Act (Federal) and TEX. BUS. COMM. CODE § 16.001 *et seq.* (State), in addition to other related civil torts such as Fraud, Unjust Enrichment, Conversion, and violations of the TEXAS DECEPTIVE TRADE PRACTICES & CONSUMER PROTECTION ACT (hereinafter "DTPA").  As a result of these tortious violations, and appurtenant to these laws and doctrines, you are hereby instructed to immediately act as follows:

1. Immediately destroy any and all merchandise, advertising, or otherwise materials or services of Signature Stag which bear the Trademark of Savage Tavern (*see* attached Exhibit 1).  If you are not able to immediately destroy such merchandise then you are instructed to contact Mr. Fuller and deliver all such materials to Mr. Fuller so that he may timely destroy them.

2. Immediately provide a detailed spreadsheet which clearly shows any and all sales proceeds/profits earned or derived by Signature Stag in direct relation to the sale or promotion of any and all merchandise, advertising, or otherwise materials or services of Signature Stag which bear the Trademark of Savage Tavern.

3. Within 5 days of your receipt of this letter you are instructed to provide valid documentation to Mr. Fuller evidencing your compliance with the destruction of materials as referenced above and as required by Federal and State law(s).

4. You will immediately cease to market, promote, sell, or otherwise employ the registered Trademark of Savage Tavern.

Please understand that if you do not comply with these instructions as above cited we will be forced to begin litigation in Federal Court, to wit, the U.S. District Court for the Northern District of Texas—Lubbock Division, and we will seek all statutorily-provided remedies such as any and all attorney's fees, up to 3x the final amount of total damages (i.e. "Treble Damages"), recovery of any and all profits and proceeds derived from your use of this mark, any and all related punitive damages which may be awarded to our client, and all costs of court required for us to enforce these legal demands.

Please respond to this letter as requested, and you may either contact Mr. Fuller directly or our law office located in Lubbock, TX, to discuss these matters.

We look forward to hearing from you, and amicably resolving this situation as soon as possible.

*Rated **AV Preeminent** (by Martindale-Hubbell) is a significant rating accomplishment and testament to the fact that a lawyer's peers and judiciary rank him or her at the highest level of professional excellence.

The Moster Law Firm, P.C.

Respectfully,

/s/ *B. Blaze Taylor, Esq.*
B. Blaze Taylor, Esq.

**Texas Bar College**
*Professionalism Through Education*

**THE MOSTER LAW FIRM, P.C.**
4920 S. Loop 289, Suite 101
Lubbock, TX 79414
btaylor@themosterlawfirm.com
Phone: (806) 778-6486
Facsimile: (866) 302-7046

*Rated **AV Preeminent** (by Martindale-Hubbell) is a significant rating accomplishment and testament to the fact that a lawyer's peers and judiciary rank him or her at the highest level of professional excellence.

The Moster Law Firm, P.C.



EXHIBIT 3























