**CIVIL ACTION NO. 5:21-CV-00078-H**

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS—LUBBOCK DIVISION

SAVAGE TAVERN, INC.
*PLAINTIFF*

V.

SIGNATURE STAG, LLC
*DEFENDANT*

**PLAINTIFF'S ORIGINAL RESPONSE TO DEFENDANT'S MOTION FOR PRELIMINARY INJUNCTION**

CRAIG, TERRILL, HALE & GRANTHAM, LLP
9816 SLIDE ROAD, SUITE 201
FIRST BANK CENTRE
LUBBOCK, TX 79424

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SAVAGE TAVERN, INC. <br> *PLAINTIFF* | § § § § § | |
| v. | § | CIVIL ACTION NO. 5:21-CV-00078-H |
| | § § § § | |
| SIGNATURE STAG, LLC <br> *DEFENDANT* | § § | |

## PLAINTIFF'S ORIGINAL RESPONSE TO DEFENDANT'S MOTION FOR PRELIMINARY INJUNCTION

TO THE HONORABLE COURT:

COMES NOW, Savage Tavern, Inc. (hereinafter "Plaintiff"), and submits to this Honorable Court Plaintiff's Original Response to Defendant's Motion for Preliminary Injunction, and in support hereof humbly submits the following:

### I.   PERTINENT FACTS & PROCEDURAL TIMELINE

This case arises from a dispute involving contradictory claims as to rights of ownership and use of a federally registered trademark, and related claims of unfair trade practices and infringement.  Plaintiff alleges that Defendant began using the trademark in question (hereinafter "Mark") within the Lubbock, TX and surrounding areas in violation of Plaintiff's alleged rights as prescribed by the LANHAM ACT (hereinafter "Act").  Defendant specifically denies any such wrongdoing, and further alleges via counter-claims that Plaintiff wrongfully misappropriated the Mark, that Plaintiff has committed unfair trade practices, including but not limited to trademark

infringement, and that, regardless, Defendant has first in time – first in right use within Midland, TX and Lubbock, TX, and the surrounding area. Plaintiff seeks damages commensurate with those prescribed under the Act, specifically entitlement to all of Defendant's profits which have been earned by selling, advertising, marketing, branding, or otherwise tortiously and knowingly infringing upon Plaintiff's Mark, punitive damages, statutory interest, pre- and post-judgment interest under law, and equitable relief in that Defendant is ordered to immediately cease and desist its use of the Mark in commerce, that Defendant is required to produce and destroy any goods which it owns that depict the Mark, attorney's fees, and related costs of court, and any other damages Plaintiff may be entitled to.[1] Defendant seeks damages commensurate with those prescribed under the Act, specifically the cancellation of the Mark, a preliminary injunction barring Plaintiff's further use of the Mark, actual damages, exemplary damages, attorney's fees, pre- and post-judgment interest as afforded under the law, and any other relief Defendant is entitled to receive.[2] Thereafter, Defendant filed its Motion for Preliminary Injunction (hereinafter "Motion") on 23 July, 2021, and Plaintiff now files its Original Response to such Motion (hereinafter "Response").

## II. APPLICABLE RULES & PRECEDENT

As stated by Defendant within its related Motion, there does indeed exist, *prima facie*, a statutory basis for its asking of this Court to grant Defendant

---

[1] *See* Plaintiff's Original Petition, Section V.
[2] *See* Defendant's Counterclaim & Request for Injunction, ¶ 20.

injunctive relief.³  However, Defendant never cites to the specific part of the statutory law(s) upon which it now esoterically and confusing purports to rely; and does so to Defendant's overall detriment.  Additionally, Defendant does not cite to FED. R. CIV. P. 65(a), which is the solely applicable procedural standard every party seeking a preliminary injunction must satisfy.  Therefore, because Defendant has solely pled application and authority for its Motion to 15 U.S.C. § 1125, Plaintiff and this Court are left to hypothesize as to the actual authority Defendant evokes within its Motion. Thus, it is impossible for this Court to properly apply an injunctive relief standard when Plaintiff and this Court are unaware of the correct standard to apply, given Defendant's silence on the issue.  And, while Defendant cites sparsely to parts of 15 U.S.C. § 1125(c)(1), the overwhelming majority of Defendant's legal arguments are based upon common law precedent. Again, however, Defendant neither cites to FED. R. CIV. P. 65—and, compliance with this procedural rule is not only paramount to seeking injunctive relief from any one of the United States District Courts, it is absolutely mandatory as a matter of basic procedural practice.

Finally, Defendant is wholly barred from bringing its current Motion before this Court, as stated within the same statute upon which Defendant peculiarly now relies.⁴  Entitled "Ownership of Valid Registration A Complete Bar to Action", the statute states as follows:

> The ownership by a person of a valid registration under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register under this

---

³ *See* 15 U.S.C. § 1125(c)(1), (c)(5)(A)-(B), and 15 U.S.C. § 1116 *et seq.*
⁴ 15 U.S.C. 1125(c)(6)(A)-(B).

chapter shall be a complete bar to an action against that person, with respect to that mark, that (A) is brought by another person under the common law or a statute of a State; and (B) seeks to prevent dilution by blurring or dilution by tarnishment; or asserts any claim of actual or likely damage or harm to the distinctiveness or reputation of a mark, label, or form of advertisement.[5]

Here, Defendant has indeed pled within its Motion grounds for dilution by blurring or tarnishment; and further asserts that actual or likely damage or harm to the distinctiveness or reputation of Defendant is imminent.  And, Defendant fatally fails to address this provision of the key statute in play within this Response and Defendant's related Motion, as the foregoing statute is clear that Defendant's Motion is wholly barred by such statute, and must be dismissed with prejudice as a result.

## III.   CONCLUSION & PRAYER

Therefore, it is clear by the black letter law of 15 U.S.C. § 1125(c)(6) that because Plaintiff legally acquired its Mark by valid registration under the Act, such Mark being entered and present upon the principal register to this day, this Court is required by the Act to dismiss Defendant's Motion as this statute wholly  bars such an action from being considered.  Additionally, understanding that FED. R. CIV. P. 65 has not been cited by Defendant, , this Court should rule against Defendant and hold in favor of Plaintiff by dismissing Defendant's Motion with prejudice, appurtenant to Congress's clear intent as presented within the Act, and as a matter of Defendant's failure to adhere to the FEDERAL RULES OF CIVIL PROCEDURE.

---

[5] *Id.*

*Respectfully submitted by,*

CRAIG, TERRILL, HALE & GRANTHAM, LLP
First Bank Centre
9816 Slide Rd., Suite 201
Lubbock, TX 79424
P: 806.744.3232
F: 806.686.1225
*Attorneys for Plaintiff*

_____
B. Blaze Taylor
SBN: 24106495
btaylor@cthglawfirm.com

## CERTIFICATE OF SERVICE & DELIVERY

      Undersigned counsel hereby certifies under signature that on the 13th day of August, 2021, a true and correct copy of the foregoing was served to counsel for Defendant via ECF.

_____
B. Blaze Taylor